UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAOMI PEREZ,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                Defendant. | Case No. C13-1460-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Naomi Perez appeals the ALJ's decision finding her not disabled.[1] Ms. Perez alleged she became disabled on May 1, 2010. Tr. 15. The ALJ rejected this allegation finding Ms. Perez engaged in substantial gainful activity up to September 13, 2010. Tr. 17. Ms. Perez does not challenge this finding. The ALJ also found that mood disorder and provisional somatoform disorder were severe impairments; that these impairments did not meet the Listings; that Ms. Perez had the residual functional capacity ("RFC") to perform light work with certain limitations; and that Ms. Perez could not perform her past work but was not disabled because she retained the RFC to perform other jobs in the national economy. Tr. 17-27. Ms. Perez challenges these findings. In specific, she contends the ALJ erred by failing to find migraine

---

[1] The ALJ's decision is the Commissioner's final decision.

REPORT AND RECOMMENDATION - 1

headache was a severe impairment at step two, and by misevaluating the Global Assessment of Functioning ("GAF") score that Jennifer Palermo, Ph.D., assigned Ms. Perez. As discussed below, the Court concludes the ALJ did not commit harmful error and therefore recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case with prejudice.

## DISCUSSION

**A.     The ALJ did not err in finding migraine headache was not a severe impairment**

Ms. Perez contends the ALJ erred at step two finding by failing to find that migraine headache was a severe impairment. Dkt. 14 at 1. At step two, Ms. Perez had the burden to prove two things. She was required to show migraine headache was a medically determinable impairment, and that it was a severe impairment for at least 12 continuous months. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 145 (1987), 20 C.F.R. §§ 404.1505, 416.905. She met the first requirement because Elena Cotulbea, M.D., diagnosed her with migraine headache, Tr. 471; however, she failed to satisfy the second requirement.

At step two an impairment is deemed severe where it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c), 404.1521(a). Ms. Perez contends the record shows migraine headache is a severe impairment because in June 2010, Dr. Cotulbea "diagnosed 'intractible' migraine headaches and prescribed Midrine," (Tr. 471), and because in March and June 2010, the doctor wrote notes excusing Ms. Perez from work for a few days due to migraine headaches. Dkt. 14 at 5. The argument fails. First, Dr. Cotulbea diagnosed Ms. Perez with "migraine nec w/o intractable migraine," not intractable migraine as Ms. Perez claims. Tr. 471. Second, the medical notes upon which Ms. Perez relies regard headaches during a time period in which Ms. Perez engaged in substantial work activity. . *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("[m]edical

REPORT AND RECOMMENDATION - 2

opinions that predate the alleged onset of disability are of limited relevance."). Ms. Perez's ability to work during the time period in which her doctor noted complaints of migraine headache cuts against her claim that migraine headache is "severe,", i.e. that it significantly limits her ability to do basic work activities

Third, there is nothing in the record indicating Dr. Cotulbea believed Ms. Perez was unable to work due to migraine headaches. To the contrary, in January 2011, Dr. Cotulbea completed a "Documentation Request for Medical or Disability Condition" form in which she made no mention of migraine headaches and instead opined Ms. Perez was unable to work due to vomiting, cramping and nausea arising from abdominal problems. Tr. 375-76.

Fourth, Dr. Cotulbea's medical notes indicate Ms. Perez's migraine complaints were short-lived, i.e., they did not meet the 12 month durational requirement. The doctor noted in March 2010, that Ms. Perez complained of "Headache for 2-3 weeks." Tr. 385. In her April 2010, medical note, Dr. Coltulbea reported "Headaches are gone." Tr. 382. Dr. Cotulbea's notes are consistent with the rest of the medical record from June 2010 onward. After that date, although Ms. Perez was treated for a variety of medical issues, there is scant evidence that she suffered migraine symptoms that limited her ability to work, or that she even received treatment for migraine headaches.[2]

In short, the record does not support Ms. Perez's argument that the ALJ erred at step two

---

[2] *See e.g.*, July and August 2010, records of Dr. Cotulbea, heartburn, Tr. 467 and sore throat; Tr. 464; September 2010, records of Pankaj Rajvanshi, M.D., abdominal problems, Tr. 368-370; October 2010, records of Dr. Cotulbea, abdominal problems, Tr. 461-3; December 2010, records of Andrew Perry, M.D., breathing problems, Tr. 380-81; January 2011, records of Dr. Cotulbea, abdominal discomfort, Tr. 378-79; September 2011, records of Dr. Cotulbea, abdominal discomfort, Tr. 433; January through October 2011 records of Community Health Center of Snohomish County noting various complaints but not migraine headache, Tr. 456-460.

REPORT AND RECOMMENDATION - 3

in failing to find migraine headache was a severe impairment. While the ALJ incorrectly found Ms. Perez's doctor failed to diagnose migraine headache, Tr. 19, Ms. Perez has failed to meet her burden to show the error was harmful. *See Molina v. Astrue*, 674 F.3d 1104, (9th Cir. 2012). The Court concludes, based on a review of the entire record, that the ALJ's step two determination that migraine headaches were not a severe impairment is supported by substantial evidence, and that the ALJ's step two determinations therefore should be affirmed. *See e.g., Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (ALJ should be affirmed when ALJ's determination is not based on legal error and is supported by substantial evidence.).

**B.     The ALJ did not commit harmful error in assessing the GAF score**

Dr. Palermo assigned Ms. Perez a GAF score of 49. Tr. 420. Ms. Perez contends the ALJ committed reversible error by "misstating the meaning of the [GAF] score by indicating that a score of 49 indicated "moderate to serious limitations." Dkt. 14 at 3. Ms. Perez argues a GAF score of 49 indicates serious symptoms or serious impairments in social and occupational functioning, not moderate to severe limitations, and that by misinterpreting the GAF score, the ALJ found Ms. Perez less limited than Dr. Palermo actually opined. *Id.* at 4.

The record does not support this argument. As a general matter, a GAF score is not dispositive of mental disability for social security purposes. *See McFarland v. Astrue*, 288 Fed. Appx. 357, 359 (9th Cir. 2008) (citing Revised Medical Criteria for Evaluating Mental Disorders & Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764-50765 (Aug. 21, 2000) ("The GAF score does not have a direct correlation to the severity requirements in our mental disorders listings.")); *see also Gutierrez v. Astrue*, No. 12–cv–1390 MEJ, 2013 WL 2468344, at *19 (N.D. Cal. June 7, 2013) ("A GAF score of 50 does not necessarily establish an impairment seriously interfering with the claimant's ability to perform basic work activities."). The ALJ's error in describing a

REPORT AND RECOMMENDATION - 4

GAF score of 49 at "moderate to severe," instead of just severe is therefore not per se harmful.[3]

Hence, Ms. Perez must show that the ALJ's error regarding the GAF score is harmful in light of the entire record.  Here, contrary to Ms. Perez's argument Dr. Palermo did not opine that she was disabled or more limited than the ALJ found.  Rather, Dr. Palermo opined Ms. Perez's remote and recent memory was intact, that her immediate memory was generally intact and that her sustained concentration and persistence was adequate.  Tr. 23.  The ALJ indicated that while Ms. Perez claimed severe mental impairments, Dr. Palermo found she could read an entire book in one sitting and follow the plot of movies without difficulty.  *Id.*  The ALJ also noted Dr. Palermo opined that Ms. Perez "appears to have clear ability to reason and understand." *Id.* The ALJ further found "Dr. Palermo did not impose any functional limitations on the claimant." *Id.*  Dr. Palermo also opined that Ms. Perez "spends some time socializing with family and friends, while at other points in time prefers to be alone, but appears to have some adaptation skills."  Tr.  421.  In sum, the doctor's opinion about Ms. Perez's functional limitations—which go unchallenged by Ms. Perez—does not support her argument that her GAF score establishes she has "serious possibly disabling functional limitations." Dkt.  14 at 4.  Accordingly, because Ms. Perez has not shown harmful error with respect to the ALJ's treatment of Dr. Palermo's GAF score, the Court recommends the Commissioner be affirmed.

## CONCLUSION

For the foregoing reasons, the Court recommends **AFFIRMING** the Commissioner's final decision sand **DISMISSING** the case with prejudice.  A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be

---

[3] A GAF score of 49 sits on the edge between scores of 41-50, which denote serious symptoms or impairment, and scores between 51-60 which denote moderate symptoms or impairments. *See* Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. 1994) ("DSM IV")

filed and served no later than **February 25, 2004.**  If no objections are filed, the Clerk shall note the matter for **February 28, 2014** as ready for the District Judge's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 11th day of February, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge